UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-CR-20226-ALTONAGA/DAMIAN

UNITED STATES OF AMERICA,

vs.

LUIS CARLOS MADEROS HERNANDEZ,

    Defendant.

_____/

## ORDER FOLLOWING GARCIA HEARING

THIS CAUSE is before the Court on Defendant, Luis Carlos Maderos Hernandez ("Defendant"), and the United States' Joint Request for a *Garcia* Hearing (the "Request"), filed on July 6, 2023 [ECF No. 11]. *See* 28 U.S.C. § 636(b)(1)(A). This matter was referred to the undersigned by Cecilia M. Altonaga, Chief United States District Judge, to conduct a *Garcia* hearing. [ECF No. 8].

THE COURT has reviewed the Request, the pertinent portions of the record, and all relevant authorities, and is otherwise fully advised in the premises. The Court also heard from the parties and their counsel at a *Garcia* hearing before the undersigned on July 13, 2023. [ECF No. 16].

### I.   BACKGROUND

On June 1, 2023, the United States charged Defendant by Information with conspiracy to distribute five kilograms or more of cocaine, having reasonable cause to believe that such controlled substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(B); all in violation of

Title 21, United States Code, Section 963. [ECF No. 1]. Defendant has indicated his intent to enter a guilty plea. A change of plea hearing is set for July 27, 2023. [ECF No. 14].

Rene Sotorrio, Esq., represents Defendant. [ECF No. 3]. Mr. Sotorrio also represents two defendants charged in separate indictments in related cases. In the Request, which was filed under seal, Defendant explained the potential conflict of interest Mr. Sotorrio may have and explained the status of the other related cases. All three clients have indicated their desire to waive any potential conflict and to continue with Mr. Sotorrio as their attorney, and all three have executed Rule 44(c) waivers.

The undersigned held a *Garcia* hearing on July 13, 2023, for the purpose of questioning Defendant and his counsel about the potential conflict of interest and Defendant's waiver of his right to conflict-free counsel. *See United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975)*, abrogated on other grounds by Flanagan v. United States,* 465 U.S. 259, 263 n.2 (1984). Mr. Sotorrio, Defendant, and counsel for the United States appeared. [ECF No. 16].

## II.    RELEVANT LEGAL STANDARDS

A criminal defendant has a Sixth Amendment right to conflict-free counsel. He also has a qualified right to counsel of his choice. *Wheat v. United States,* 486 U.S. 153, 164 (1988). As the Eleventh Circuit has explained:

> Notwithstanding the importance of the right to counsel of choice, that right is not absolute. In determining whether or not to disqualify defense counsel, the court must balance two Sixth Amendment rights: (1) the right to be represented by counsel of choice and (2) the right to a defense conducted by an attorney who is free of conflicts of interest. *Id.* at 160. The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial. *See United States v. Casiano*, 929 F.2d 1046, 1052 (5th Cir. 1991). When an actual conflict of interest exists, the client is denied effective assistance of counsel, and the attorney may be disqualified. *United States v. Martinez,* 630

> F.2d 361, 362 (5th Cir. 1980), *cert. denied*, 450 U.S. 922 (1981). Indeed, even a potential conflict suffices for disqualification. *Wheat,* 486 U.S. at 164 ("a showing of a serious potential for conflict" overcomes presumption in favor of defendant's counsel of choice).

*United States v. Ross,* 33 F.3d 1507, 1523 (11th Cir. 1994).

A defendant may waive his right to conflict-free counsel, even where an otherwise-disqualifying conflict exists, and elect to have the attorney continue representation, so long as that waiver is knowing, intelligent, and voluntary. *Id.* at 1524 (citing *Martinez*, 630 F.2d at 362). Nonetheless, a court need not accept a waiver of the right. *Id.* (citing *Wheat,* 486 U.S. at 162). "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat,* 486 U.S. at 160; *see Ross,* 33 F.3d at 1523 (court must protect "its independent interest in ensuring the integrity of the judicial system is preserved and that trials are conducted within ethical standards"). That independent interest includes being "free from future attacks over the adequacy of the waiver or the fairness of the proceedings . . . and the subtle problems implicating the defendant's comprehension of the waiver." *Id.* at 162 (quoting *United States v. Dolan,* 570 F.2d 1177, 1184 (3rd Cir. 1978)); *see also Cuyler v. Sullivan* 446 U.S. 335, 348-49 (1980) (defendant is denied constitutionally-effective assistance of counsel where "an actual conflict of interest adversely affected his lawyer's performance"). As such, courts have "substantial latitude in refusing waivers of conflicts of interest." *Wheat,* 486 U.S. at 163.

In deciding whether an actual or potential conflict requires disqualification, courts must inquire to decide whether the attorney has divided loyalties that prevent him from effectively representing the defendant. *Ross*, 33 F.3d at 1523. When made aware of a potential

3

conflict of interest, the court should conduct an inquiry, akin to the plea colloquy under Federal Rule of Criminal Procedure 11, to determine whether the defendant wishes to waive the conflict. *Garcia*, 517 F.2d at 278. During the hearing, the court should address the defendant "personally and forthrightly" about the potential consequences of the conflict and elicit a narrative response from the defendant that he has been advised of his right to effective counsel, understands the details of the potential conflict and its consequences, has discussed the matter with his attorney or an independent counsel, and voluntarily waives his right. *Id*. In order to be valid, a waiver must be not only voluntary, but also must be a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences. *Id*. at 276 (internal quotations omitted). In order for a defendant's waiver to be knowing and intelligent, he must be informed "(1) that a conflict of interest exists; (2) the consequences to his defense from continuing with conflict-laden counsel; and (3) that he has a right to obtain other counsel." *Duncan v. State of Ala.*, 881 F.2d 1013, 1017 (11th Cir. 1989).

### III.    DISCUSSION

As mentioned above, the undersigned held a *Garcia* hearing on July 13, 2023, to determine whether a potential conflict of interest exists, and, if so, whether Defendant's decision to waive that conflict is knowing, intelligent, and voluntary. *Ross*, 33 F.3d at 1524. The Court notes that the United States does not oppose Mr. Sotorrio's continued representation of Defendant nor Defendant's waiver of his right to conflict-free counsel.

Having questioned Defendant at the *Garcia* hearing and having observed his demeanor, the Court finds that Defendant is competent and understands the potential for conflict presented by his attorney's representation of him and the other defendants discussed at the hearing. Defendant testified that he had been advised of his right to effective counsel,

4

understands the details of the potential conflict and its consequences, has discussed the matter with his attorney, and voluntarily waives his right to conflict-free counsel. Defendant also advised that he is satisfied with his counsel's representation and affirmed that Mr. Sotorrio has answered all of his questions about his case and the potential conflict. Defendant reviewed and signed the Rule 44(c) waiver in English and Spanish and had no questions regarding the waiver.

In light of the foregoing, the Court finds that Defendant's waiver of any potential conflict Mr. Sotorrio may have in this case is knowing, voluntary, and fully informed. The Court further finds that the Court's independent interest is not offended by allowing Mr. Sotorrio to represent Defendant in all further proceedings in light of the circumstances presented. The procedures currently in place are sufficient to protect Defendant's Sixth Amendment rights and the Court's independent interest.

## IV.    CONCLUSION

The Court finds that Defendant knowingly, intelligently, and voluntarily waived his right to conflict-free counsel. Nevertheless, because a trial court has a continuing obligation to comply with Rule 44(c) and may need to conduct further inquiry "on a later occasion because of new developments suggesting a potential conflict of interest," *USA v. Solomon*, 856 F.2d 1572, 1580–81 (11th Cir. 1988), Defendant and his counsel must immediately provide written notice to the Court should the circumstances change and an actual conflict is presented.

Based on the Court's acceptance of the waiver, Attorney Rene Sotorrio , Esq. may continue his representation as counsel on behalf of Defendant for all further proceedings in

this case. Defendant shall appear before Judge Altonaga for a Change of Plea Hearing on July

27, 2023, at 12:30 PM. [ECF No. 14] with attorney Rene Sotorrio, Esq. as his counsel.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17<sup>h</sup> day of July, 2023.

_____

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE